JASPER J. WILLIAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williams v. Commissioner
Docket No. 16543-91
United States Tax Court
T.C. Memo 1994-275; 1994 Tax Ct. Memo LEXIS 278; 67 T.C.M. (CCH) 3099; June 16, 1994, Filed *278 Decision will be entered under Rule 155. Jasper J. Williams, pro se. For respondent: Margaret Rigg
WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined a $ 59,295 deficiency in petitioner's Federal income tax for taxable year 1987. Respondent also determined an addition to tax for failure to timely file under section 6651(a)(1) [1] in the amount of $ 14,530, an addition to tax for negligence under section 6653(a)(1)(A) in the amount of $ 2,964.75, an addition to tax under section 6653(a)(1)(B) for 50 percent of the interest due on $ 59,295, and an addition to tax for a substantial understatement of income tax under section 6661 in the amount of $ 14,823.75. After concessions by respondent, the issues remaining for consideration are: (1) Whether petitioner failed to report *279 gross receipts in connection with his bail bonds businesses for taxable year 1987. We hold that he did. (2) Whether petitioner is entitled to deductions claimed on Schedule C, with respect to his bail bonds businesses, in excess of the amount allowed by respondent. We hold that he is not. (3) Whether petitioner is entitled to deductions claimed on Schedule C, with respect to his airplane spare parts business, in excess of the amount allowed by respondent. We hold that he is not. (4) Whether petitioner is subject to an addition to tax for failure to timely file his 1987 income tax return under section 6651(a)(1). We hold that he is. (5) Whether petitioner is subject to additions to tax for negligence under section 6653(a)(1)(A) and (B) for taxable year 1987. We hold that he is. (6) Whether petitioner is subject to an addition to tax for a substantial understatement of tax under section 6661 for taxable year 1987. We hold that he is. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein. Petitioner resided in Strong, Arkansas, at the time the petition was filed. Petitioner *280 filed a Federal income tax return for taxable year 1987 on April 3, 1989. During 1987, petitioner owned and operated two bail bonds businesses for the purpose of soliciting and writing bail bonds. One business was in operation for the entire taxable year at issue and was located in San Jose, California. Petitioner opened the second business, located in San Bernadino, California, towards the latter part of 1987. As a solicitor and writer of bail bonds, petitioner worked as an agent for a surety company in posting bail for the release of criminal defendants from jail. In return for his services, petitioner received a fee of 10 percent of the face amount of the bail. If the bail was less than $ 500, petitioner received a fee of 10 percent, plus $ 10. The bonds were secured by collateral collected from the defendants. In order to operate his businesses, petitioner maintained three separate bank accounts: An insurance premium trust account (premium account), a trust fund account (collateral account), and a working account. The San Jose business maintained bank accounts with Bank of America, while the San Bernadino business maintained accounts with Wells Fargo Bank. The premium *281 account (account No. 0866-02217-p) was used to deposit all fees received for petitioner's services with respect to the San Jose business. The working account (account No. 0866-00587-p) was used to pay the expenses of petitioner's business and personal expenses. The working account was funded by transfers from the premium account. The collateral account (account No. 0866-04871-p) was used to retain funds transferred to petitioner as collateral. The funds in the collateral account were returned to the customers at the end of their cases. No records were provided with respect to the San Bernadino business. On Schedule C, petitioner reported gross receipts in the amount of $ 93,687 and claimed deductions in the amount of $ 90,353 with respect to the bail bonds businesses. Respondent determined that petitioner failed to include $ 59,000 in gross receipts. Respondent disallowed all of petitioner's claimed deductions. The following claimed deductions remain in dispute: Item
Amount
Utilities
$ 2,132
Telephone
1,193
Legal
698
Total
4,023
The entire amount of the claimed legal expense remaining in dispute comprises payments made by petitioner to his cardiologist. *282 During 1987, petitioner also operated an airplane spare parts manufacturing business. On a separate Schedule C, petitioner reported sales of $ 5,000, $ 210 for returns and allowances, and $ 3,476 for cost of goods sold. Petitioner also claimed various deductions in the amount of $ 13,661. Respondent disallowed the returns and allowances, the cost of goods sold, and all of the deductions. OPINION Issue 1. Unreported Income
Respondent used the bank deposits method to determine petitioner's taxable income for 1987. The bank deposits method reconstructs a taxpayer's income through an examination of deposits and withdrawals involving a taxpayer's bank accounts. , affd. in part, revd. in part and remanded . The burden, generally, is on the taxpayers to show that the bank deposits were derived from nontaxable sources. Rule 142(a); , affd. . Deposits of loan proceeds and loan repayments are not income and must *283 be subtracted from total bank deposits to arrive at business gross receipts. ; ; ; . Respondent determined that petitioner failed to include $ 59,000 of gross receipts on Schedule C for his bail bonds businesses, and thus, increased petitioner's taxable income accordingly. Petitioner charges that the notice of deficiency indicates that he failed to include $ 59,000 in "trust income", and therefore he contends that respondent is attempting to improperly include amounts received as collateral in gross receipts. Petitioner attempts to support his contention by comparing the $ 59,000 omission to the total amount of withdrawals from the collateral account. The bank statements for the collateral account reflect withdrawals in the amount of $ 59,713. While we agree with petitioner that amounts received as collateral are not properly *284 includable in income, we are not convinced that the deposits into the collateral account are the source of the omission. Petitioner reported $ 93,687 in gross receipts on Schedule C for his bail bonds businesses; however, he admitted that this amount is incorrect. The general ledger, which petitioner believes was used to prepare his return, reflects gross receipts in the amount of $ 143,385, which is $ 49,698 greater than the amount reported. The deposits into the premium trust account, into which all gross receipts for the San Jose business were deposited, totaled $ 107,280, which is $ 13,593 greater than the amount reported. Moreover, the deposits into the working account, into which all gross receipts for the San Jose business were transferred, totaled $ 150,079, which is $ 56,392 greater than the amount reported. Additionally, petitioner failed to provide any records for the San Bernadino business. When asked to explain the discrepancy between the deposits into the working account and the amount reported on Schedule C, petitioner stated that he received loans from his credit cards. Petitioner, however, could not identify which deposits represented the loans, nor did he *285 provide any evidence to support his contention. Regardless of which account was the primary focus of respondent's determination, it is clear that petitioner failed to accurately report gross receipts for his bail bonds businesses. Given that all business and personal expenses were paid out of the working account, it is reasonable to conclude that this account was the focus of respondent's determination. Further, the absence of any records with respect to the San Bernadino business, combined with the $ 56,392 discrepancy between deposits into the working account and gross receipts reported on Schedule C, could reasonably lead respondent to determine that petitioner omitted $ 59,000 in gross receipts. Petitioner has failed to prove otherwise. Consequently, petitioner has not satisfied the burden of proving respondent's determination to be incorrect. Rule 142(a); . Accordingly, we sustain respondents's determination, and we find that petitioner omitted $ 59,000 from gross receipts on Schedule C with respect to his bail bonds businesses. Issue 2. Schedule C, Bail Bonds Businesses
On Schedule C, petitioner *286 claimed deductions for utilities, telephone, and legal expenses. As previously stated, petitioner bears the burden of proving respondent's determination to be incorrect. Rule 142(a); The legal expenses were actually payments to petitioner's heart specialist and do not represent deductible business expenses. Sec. 162; sec. 212. Petitioner failed to present any evidence in support of the deductions for utilities and telephone and thus has not satisfied his burden of proof with respect to these items. Accordingly, we hold that petitioner is not entitled to a deduction for utilities, telephone, or legal expenses in amounts greater than allowed by respondent. Issue 3. Schedule C, Airplane Spare Parts Business
On a separate Schedule C, petitioner claimed $ 210 for returns and allowances, $ 3,476 for cost of goods sold, and various deductions in the amount of $ 13,661, with respect to his airplane spare parts business. Respondent disallowed all of these items. Deductions are a matter of legislative grace. . Petitioner bears *287 the burden of establishing that he is entitled to the claimed deductions. Rule 142(a); A taxpayer must substantiate the amounts which give rise to the claimed deductions, and if he does not, the Commissioner is not acting arbitrarily or unreasonably in denying the deductions. , affd. per curiam . Petitioner testified that the accountant who prepared the return lost all of the records that substantiate the deductions incurred in connection with his airplane spare parts business. A taxpayer's inability to produce records does not relieve him of his burden of proof. , affd. per order (9th Cir., Mar. 14, 1973). The absence of records, however, does not leave a taxpayer helpless in sustaining his burden. In general, when a taxpayer's records have been lost or destroyed through circumstances beyond his control, he is entitled to substantiate the deductions by reconstructing the expenditures through other credible *288 evidence. . No evidence was submitted at trial to substantiate petitioner's entitlement to the amounts claimed. Consequently, petitioner has not satisfied his burden of proof with respect to these items. Accordingly, we hold that petitioner shall not be entitled to an offset to gross receipts for cost of goods sold or returns and allowances. We further hold that petitioner is not entitled to the various other deductions claimed on Schedule C for taxable year 1987 with respect to his airplane spare parts business. Issue 4. Section 6651(a) Addition to Tax for Failure To File
Section 6651(a) imposes an addition to tax for failure to file a tax return or to pay any tax owing by the applicable due date, unless it is shown that such failure is due to reasonable cause and not willful neglect. Petitioner bears the burden of proving that his failure to file a timely return was due to reasonable cause and not willful neglect. Rule 142(a); . The parties stipulate that petitioner filed his return for taxable year 1987 on April *289 3, 1989. Petitioner's return was due on April 15, 1988. Petitioner testified that he failed to timely file his return because his accountant was too busy. Reliance on a third party does not constitute reasonable cause for a late filing under section 6651(a)(1). . Accordingly, we find that petitioner is subject to the addition to tax under section 6651(a) for taxable year 1987. Issue 5. Section 6653(a) Addition to Tax for Negligence
Respondent also asserted that petitioner's underpayment of income taxes was due to negligence or intentional disregard of rules or regulations and determined an addition to tax for negligence under section 6653(a)(1)(A) and (B). Section 6653(a)(1)(A) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable to negligence or intentional disregard of rules or regulations, and section 6653(a)(1)(B) imposes an addition to tax equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Negligence is defined as the lack of due care or failure to do what a reasonable *290 and ordinarily prudent person would do under the circumstances. ; see , affg. . Negligence is measured by an objective standard. , affg. . Respondent's determination of negligence is presumed correct, and petitioner bears the burden of proving otherwise. , affg. ; . Petitioner presented no evidence that the underpayment of tax for the years in issue was not due to negligence or intentional disregard of rules or regulations. Accordingly, we find that petitioner is subject to the addition to tax for negligence for taxable year 1987. Issue 6. Section 6661 Substantial Understatement Addition to Tax
Section 6661(a) provides for *291 an addition to tax on underpayments attributable to a substantial understatement of income tax. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. Sec. 6661(b)(1)(A). Petitioner had a substantial understatement for each of the years at issue. The section 6661 addition to tax is not applicable, however, if there was substantial authority for the taxpayer's treatment of the item in issue or if the relevant facts relating to the tax treatment were adequately disclosed on the return. Petitioner offered no evidence to demonstrate that there is substantial authority for the treatment of the items in controversy on his income tax return or that the treatment of the items was adequately disclosed. Accordingly, we find that petitioner is subject to the addition to tax under section 6661 for taxable year 1987. To reflect the foregoing and concessions by respondent, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩